IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER SCOTT BURTON, § | |
| #F12261, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-1585-M-BK |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Div., § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Christopher Scott Burton's petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge. For the reasons stated here, the petition should be summarily **DISMISSED WITH PREJUDICE**.

### I.   BACKGROUND

In 2017, Burton was found not guilty by reason of insanity of aggravated assault on a public servant and evading arrest with a motor vehicle. Consequently, his criminal charges were discharged, and he was committed for inpatient mental health services to the maximum-security unit of Vernon State Hospital, pursuant to article 46C.251 of the Texas Code of Criminal Procedure. *State v. Burton*, Nos. F14-32161 and F14-32162, *Judgment of Acquittal and Commitment Not Guilty by Reason of Insanity* (195th Jud. Dist. Court, Dallas Cty., Feb. 2, 2017). On May 2, 2018, the state court found that Burton was "severely mentally ill" and met "the criteria for Extended Court Ordered Inpatient Mental Health Services," and committed him "for inpatient treatment to North Texas State Hospital, Vernon Campus, or any other inpatient facility

designated by the Department of State Health Services for a period not to exceed 12 months."
*Id.*, *Order for In-patient Extended Mental Health Services*.[1]

On June 12, 2018, Burton filed this federal petition for writ of habeas corpus, challenging his underlying offenses for aggravated assault on a public servant and evading arrest with a motor vehicle. Doc. 1 at 1. He avers: "I did those crimes but was insane at the time . . . I am guilty of self defense – not a crime." Doc. 1 at 1. Burton also alleges violations of his First and Fourth Amendment rights, arguing: (1) there was no probable cause to arrest him, Doc. 1 at 5-6, and (2) his right to speak in "nonsensical language" was protected by freedom of speech, Doc. 1 at 7-8. Relatedly, he contends that defense counsel rendered ineffective assistance by failing to raise such claims at trial. Doc. 1 at 6-7, 10. By this action, Burton seeks "to be released from custody" and "to have [his] record cleared." Doc. 1 at 15.[2]

## II.     ANALYSIS

Burton's pleadings, even when liberally construed, fail to present a cognizable basis for federal habeas relief. *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). First, his claims relate exclusively to his underlying criminal charges for aggravated assault and evading arrest, which were discharged when he was

---

[1] Electronic copies of the trial court's orders and criminal docket sheets in case numbers F1432161 and F1432162 are available at http://courtecom.dallascounty.org/publicaccess/ (last accessed Aug. 27, 2018).

[2] This action was transferred from the United States District Court for the Eastern District of Texas because Petitioner was incarcerated at North Texas State Hospital in Vernon, Texas. Doc. 3. Although the petition named Jim Smith of the North Texas State Hospital as Respondent, at some point prior to transferring the case, the Director of the Texas Department of Criminal Justice, Correctional Institutions Division, was substituted as Respondent. Doc. 1 at 1. Petitioner has since been transferred to Kerrville State Hospital, Kerrville, Texas.

acquitted.  *See* State v. Burton, Nos. F14-32161 and F14-32162, *Judgment of Acquittal and Commitment Not Guilty by Reason of Insanity* (195th Jud. Dist. Court, Dallas Cty., Feb. 2, 2017). Generally, "a defendant who is found not guilty by reason of insanity stands acquitted of the offense charged and may not be considered a person charged with an offense." TEX. CODE CRIM. PROC. ANN. art. 46C.155(a) (West 2018).  Second, Burton does not appear to allege that he has recovered his sanity such that his continued confinement raises a claim of federal constitutional magnitude.  Third, insofar as he wants to expunge his criminal records, the state trial court, not this court, has jurisdiction over his claim.  *See also* TEX. CODE CRIM. PROC. ANN. art. 46C.155(b) (West 2018) ("A defendant who is found not guilty by reason of insanity is not considered to be acquitted for purposes of Chapter 55." (referring to expunction of criminal records under TEX. CODE CRIM. PROC. ANN. arts. 55.01 to 55.06)).

### III.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE**.[3]

**SO RECOMMENDED**, August 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] *See* Rule 4(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE